IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK06-80010 |
| | ) | |
| PRIDE BROOKS LYNCH, | ) | |
| | ) | CH. 7 |
| Debtor(s). | ) | |
| | ) | Filing No. 31 |

ORDER

Hearing was held in Omaha, Nebraska, on March 21, 2006, regarding Filing No. 31, Motion to Reconsider, filed by David and Grace Traynor. Thomas McGuire appeared for the debtor and Thomas Stalnaker appeared as Chapter 7 trustee, and Ralph Peppard appeared for David and Grace Traynor.

The debtor's husband died and left the debtor in financial difficulties. She and her deceased husband had owned and lived in certain real property for more than twenty-five years. However, as a result of her financial difficulties, she became delinquent in paying her mortgage payments. The house went into foreclosure and, prior to the foreclosure sale, she discussed with Mr. and Mrs. Traynor whether they would help her with regard to the house.

The Traynors agreed and the debtor and the Traynors entered into a land contract. That land contract was executed in January 2005, and provided that the Traynors would cure the mortgage delinquency, pay delinquent and current real estate taxes, pay and keep current the insurance, and eventually pay off the mortgage. When the mortgage was paid off, the debtor would convey the premises pursuant to the warranty deed. The purchase price was equal to the mortgage balance plus the delinquent taxes.

Separate from the land contract, the Traynors and the debtor apparently entered into an oral agreement whereby the debtor could remain in the premises and rent the premises on a month to month basis for $400 per month.

The Traynors did cure the mortgage delinquency and the tax delinquency and paid current taxes. They paid the monthly mortgage payments, although sometimes late, and paid the insurance premiums, although sometimes late.

In August 2005, the Traynors decided to pay off the mortgage. They notified the debtor of their plan and requested the debtor take action to clear the title through the probate court with regard to the debtor's deceased husband's record interest in the property. In response, the debtor informed the Traynors in writing that they were in default under the terms of the land contract and purported to terminate the contract. The debtor also quit making rental payments after the month of August 2005.

The Traynors sued the debtor in Douglas County District Court for restitution of the premises for failure to pay rent and the resulting termination of the month to month lease, and for

breach of contract and a declaratory judgment that the contract had not been terminated by the notification from the debtor.

A hearing was held in the Douglas County District Court and an order of restitution was entered on December 7, 2005.  That order was not appealed, but the debtor did file a Chapter 13 bankruptcy case on January 8, 2006.  Such filing stayed the enforcement of the restitution order, pursuant to 11 U.S.C. § 362(a).

The Bankruptcy Code, as recently amended at Section 362(l), deals with a fact situation such as this one.  If an order of possession has been provided to a lessor prior to the bankruptcy case being filed, the debtor may file a certification concerning the matter and propose a payment of the rent which allegedly would cure a monetary default under the terms of the rental agreement.

In this case, the debtor filed a certification and alleged that there was no monetary default because of the termination of the land contract and the corresponding termination of the month to month lease.  In response, the Traynors filed an objection to such certification and asserted that the land contract had not been terminated, the state court had issued a possession order, the month to month lease had been terminated, that there was no monetary default to be cured, and that the Traynors had the right to possession.

The debtor converted to Chapter 7 and this court, without explanation to any of the parties, entered an order determining that the objection to a certification was moot and no hearing was scheduled.That action resulted in a motion to reconsider filed by the Traynors, which has been objected to by the trustee and by the debtor.

It is the trustee's position that the land contract itself, whether terminated or still in existence, is a fraudulent transfer under 11 U.S.C. § 548, and therefore the court should not revisit the issue because the trustee will be bringing an adversary proceeding with regard to the matter.  The debtor responds in the same manner.

It may well be true that the land contract is avoidable as a fraudulent transfer under the Bankruptcy Code.  The trustee may be able to avoid the transfer for the benefit of the creditors and, perhaps, for the benefit of the debtor's homestead exemption rights.  Such an action, if brought by the trustee, would deal only with the property of the estate issue, and not with the personal rights of the debtor to possession of the home.  Those rights have already been determined in state court.  The recent amendments to the Bankruptcy Code referred to above, do not appear to protect the interest of a debtor with regard to possession of premises which is the subject of a month to month tenancy.

This court does not have the power to rule in favor of the debtor and adversely to the Traynors with regard to the state court restitution order.  It is a final order.  Because of the language of the statutory amendment, the automatic stay expired, with regard to the possessory rights of the debtor, thirty days after the petition date.  The Traynors, therefore, may proceed to dispossess the debtor through the state court procedures.  However, the automatic stay did not expire with regard to property of the estate and so the issue of the rights of the debtor and the rights of the bankruptcy estate under the land contract must be litigated in the bankruptcy court.  The trustee, by virtue of federal bankruptcy law, has the right to attempt to avoid the land contract as a fraudulent transfer.  The trustee is requested to decide quickly whether to bring such an action

and then, if he decides to do so, to file the action as soon as possible.

    Somehow, this whole matter should be settled. The Traynors may succeed in dispossessing the debtor. However, if they are correct that the land contract is still in place, they are required to make all of the payments on the mortgage, the taxes and the insurance. Those payments become somewhat at risk if the land contract is eventually determined to be a fraudulent transfer.

    SO ORDERED.

    DATED this 27th day of March 2006.

                                    BY THE COURT:

                                    /s/ Timothy J. Mahoney
                                    Chief Judge

Notice given by the Court to:
    Thomas McGuire
    Thomas Stalnaker
    *Ralph Peppard
    U.S. Trustee

Movant(*) is responsible for giving notice of this order to all other parties not listed above if required by rule or statute.